**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **TOMMY HAMILTON,**            ) | |
|     **ID # 687217,**              ) | |
|         Petitioner,          ) | |
| vs.                                                    ) | No. 3:13-CV-2604-O-BH |
|                                       ) | |
| **WILLIAM STEPHENS, Director,**   ) | Referred to U.S. Magistrate Judge |
| **Texas Department of Criminal**        ) | |
| **Justice, Correctional Institutions Division,**   ) | |
|     Respondent.          ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order 3-251, this case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the habeas corpus petition should be **DENIED** with prejudice.

**I. BACKGROUND**

Tommy Hamilton (Petitioner) challenges the denial of release on parole. The respondent is William Stephens (Respondent), Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID).

**A.     Factual and Procedural History**

Petitioner is currently serving a forty-year sentence for robbery in Cause Number F94-01872, and three twenty-year sentences for theft in Cause Nos. F92-65916, F92-72597, and F92-43204. (*See* www.tdcj.state.tx.us, search for Petitioner). In October of 2012, he was denied parole. (Response at 2). On April 2, 2013, Petitioner filed a state habeas application challenging the denial of parole. His state writ was denied on its merits without written order by the Texas Court of Criminal Appeals on May 29, 2013. *See Ex parte Hamilton*, WR-6,717-06 (Tex. Crim. App. May 29, 2013); *see also* www.dallascounty.org, Cause No. W92-65916-B. Petitioner filed his petition for federal habeas

relief on July 8, 2013. Respondent filed a response on September 30, 2013, and provided the state court records. Petitioner filed a reply brief on November 29, 2013.

**B.     Substantive Issues**

Petitioner's sole ground of error alleges that his due process rights were violated because he was denied parole after the Board of Pardons and Paroles (BPP) maliciously manufactured and fabricated false allegations as reasons to deny him release. (Pet. at 6-8).

## II.  APPLICABLE LAW

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions. Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established federal law, within the meaning of § 2254(d)(1), "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S.

2

362, 412-13 (2000).

With respect to the "unreasonable application" standard, *Williams* instructs that a writ must issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise under *Williams*, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." 529 U.S. at 407. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409; *accord Penry*, 532 U.S. at 793.

Section 2254(d)(2) concerns questions of fact. *Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000). Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### III.  DENIAL OF PAROLE

Petitioner claims that his constitutional rights were violated because the criteria used to deny him parole in October of 2012 was false.

"Federal habeas relief cannot be had 'absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of

3

the United States.'" *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995)). There is no constitutional right of a convicted person to be conditionally released before the expiration of his sentence. *Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979). The Fifth Circuit has found that state prisoners in Texas "have no protected liberty interest in parole." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997). Because there is no federal constitutional right to early release on parole, a habeas petitioner cannot state a constitutional violation based upon the denial of parole, even where he alleges that the parole denial was based on unreliable or even false information. *Id.* at 305, 308-09.[1]

Because Petitioner has no constitutional right to be released on parole prior to discharging his sentences, the state court denial of his claim was not contrary to federal law, and his sole ground for relief is without merit and should be denied.

### IV. EVIDENTIARY HEARING

Upon review of the filings in this case and the proceedings reflected in the state-court records, an evidentiary hearing appears unnecessary.

### V. RECOMMENDATION

The request for habeas corpus relief pursuant to 28 U.S.C. § 2254 should be **DENIED** with prejudice.

---

[1] Texas has created a constitutional expectancy of early release for eligible inmates through its statutory mandatory supervision scheme. *See* TEX. GOV'T CODE ANN. §§ 508.147, 508.149 (Vernon 2003); *Teague v. Quarterman*, 482 F.3d 769, 775-77 (5th Cir. 2007). This scheme does give rise to a liberty interest subject to due process protections. *Teague*, 482 F.3d at 775-77. Petitioner, however, does not assert that he is eligible for mandatory supervision and instead appear to acknowledge that he is not because he admits that he does not have a liberty interest in parole. (Pet. at 7).

**SIGNED on this 23rd day of June, 2014.**

                                              IRMA CARRILLO RAMIREZ
                                              UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

                                              IRMA CARRILLO RAMIREZ
                                              UNITED STATES MAGISTRATE JUDGE